# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02937-RM-MJW

UNITED STATES OF AMERICA,
*ex rel.* BONNIE M. JIMENEZ,

Plaintiff,

v.

OTTER PRODUCTS, LLC d/b/a OTTERBOX, a Colorado corporation,

Defendant.

---

## STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER  [Docket No 50-1]

---

Upon consideration of the parties' Stipulated Protective Order concerning certain confidential information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

### I.      PURPOSES AND LIMITATIONS

Disclosure, court filings, and discovery activity in this action are likely to involve production of confidential, privileged, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## II.   **DEFINITIONS**

A.   <u>Party</u>:   any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

B.   <u>Disclosure or Discovery Material</u>:   all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

C.   <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) or that any party designates as confidential information.

D.   <u>Receiving Party</u>:   a Party that receives Disclosure or Discovery Material from a Producing Party.

E.   <u>Producing Party</u>:   a Party or non-party that produces Disclosure or Discovery Material in this action.

F.   <u>Designating Party</u>:   a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

G.   <u>Protected Material</u>:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" and any other documents that have otherwise been previously designated by the parties as confidential.

H.   <u>Outside Counsel</u>:   attorneys who are not employees, directors, officers, shareholders, or members of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

I.   <u>Expert</u>:   a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not and is not anticipated to become an employee, director, officer, or shareholder of a Party or a competitor of a Party.   This definition includes a professional jury or trial consultant retained in connection with this litigation.

      J.      <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### III.   SCOPE

This Order is subject to the Local Rules of this District and to the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.   The protections conferred by this Order cover all documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all other materials which may be subject to restrictions on disclosure for good cause.   Its protections cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

This Order shall apply to the Parties to this action, and also to any other person producing or disclosing "CONFIDENTIAL" information in this action who agrees or is ordered to be bound by this Order.  If, in the course of this action, information is sought from a third party which would require such person to disclose and/or produce "CONFIDENTIAL" information, such third-party may obtain the protections of this Order

by agreeing in writing to produce information pursuant to this Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order to third parties.

## IV.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.    DESIGNATING PROTECTED MATERIAL

A.    Attorney Certification of Good Faith Belief of Confidentiality

Any information designated by a party as confidential must first be reviewed by a lawyer who will certify that the designation as confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c)(7). *See Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

B.    Mass, Indiscriminate, or Routine Designations Are Prohibited

Designations should be justified and not made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties). If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

C.    Manner and Timing of Designations

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated

before the material is disclosed or produced.  Designation in conformity with this Order requires:

        1.    <u>for information in documentary form</u>, (apart from transcripts of depositions or other pretrial or trial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page of the document (preferably at the bottom of each page) in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL" designation.  A Party or non-party who makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

        2.    <u>for testimony given in deposition or in other pretrial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify within 35 days after receipt of the first transcript or draft transcript (but not rough transcript) of the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 35 days shall be covered by the provisions of this Order.

3.      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

D.      Inadvertent Failures to Designate:   If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.    CHALLENGING CONFIDENTIAL DESIGNATIONS

A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within seven (7) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion, within twenty-one business (21) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its

designation as "CONFIDENTIAL" and shall not thereafter be treated as "CONFIDENTIAL" in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL."

### VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

A.   Basic Principles:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and shall not be used for any other purpose, including in any other litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XI, below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.   Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.   the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

2.   the parties;

3.   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have been presented with

a copy of this Protective Order and who then execute the "Agreement to Be Bound by Protective Order" form, which is attached as Exhibit A hereto;

    4.    the Court and its personnel;

    5.    court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have been presented with a copy of this Protective Order and who then execute the "Agreement to Be Bound by Protective Order" form, which is attached as Exhibit A hereto;

    6.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have been presented with a copy of this Protective Order and who then execute the "Agreement to Be Bound by Protective Order" form, which is attached as Exhibit A hereto.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

    7.    at trial or at any appeal or other court proceeding in this case; and

    8.    the author of the document or the original source of the information; and

    9.    to other persons by written agreement of the parties.

## VIII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, confirmed by mail, is acceptable) immediately and in no event more than five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to

issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court

## IX.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  Rather, a Party that seeks to file any Protected Material, or any materials that incorporate and/or disclose Protected Materials,

must file said materials under restricted access in compliance with D.C.COLO.LCivR 7.2.

## XI.   FINAL DISPOSITION

Unless otherwise ordered or agreed by the Producing Party, within sixty (60) days, after the final termination of this action, each Receiving Party shall return all hard copies of the Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section IV, above.

## XII.   MISCELLANEOUS

A.   Right to Further Relief:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.   Right to Assert Other Objections:  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

ORDERED this 15TH day of October, 2013.

BY THE COURT:

_Michael J. Watanabe_

The Honorable Michael J. Watanabe
United States Magistrate Judge

APPROVED:

s/ Michael S. Porter
Michael S. Porter
Law Firm of Michael S. Porter
4465 Kipling Street, Suite 200
Wheat Ridge, CO  80033-2810
Tel:  303-940-8370
Fax:  303-421-4309

s/ M. Gabriel McFarland
M. Gabriel McFarland
Cyd Hunt
Evans & McFarland LLC
910 13th Street, Suite 200
Golden, CO  80401
Tel:  303-270-8300
Fax:  303-277-1620

*Attorneys for the Plaintiff/ Relator, Bonnie M. Jimenez*

s/ Louis S. Mastriani
Louis S. Mastriani
Adduci, Mastriani & Schaumberg, LLP
1133 Connecticut  Avenue, N.W. 12th  Fl.
Washington, D.C.  20036
Tel:  202-467-6300
Fax:  202-466-2006

s/ Michael C. Theis
Michael C. Theis
David A. DeMarco
Hogan Lovells US LLP
1200 Seventeenth Avenue, Suite 1500
Denver, CO  80202
Tel:  303-899-7300
Fax:  303-899-7333

*Attorneys for the Defendant, Otter Products, LLC*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02937-RM-MJW

UNITED STATES OF AMERICA,
*ex rel.* BONNIE M. JIMENEZ,

Plaintiff,

v.

OTTER PRODUCTS, LLC d/b/a OTTERBOX, a Colorado corporation,

Defendant.

---

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

---

I, _____ [print or type full name], of

_____ [print or type

full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court for

the District of Colorado in this matter. I agree to comply with and to be bound by all the

terms of the Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Protective Order to any person or entity except in strict compliance with

the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed Name: _____

Signature: _____

City and State where sworn and signed: _____